UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EMCURE PHARMACEUTICALS LTD., ) <br> HERITAGE PHARMA LABS INC. ) <br> (f/k/a EMCURE PHARMACEUTICALS ) <br> USA, INC.), and HERITAGE ) <br> PHARMACEUTICALS, INC., ) <br> ) <br> Defendants. ) | Case No. 1:15-cv-01244JMS-TAB |

## EXHIBIT A

**Supplemental Declaration of Gary J. Ruckelshaus
In Support of Motion to Appear *Pro Hac Vice***

In support of the Motion to Appear *Pro Hac Vice* filed on my behalf by Steven G. Cracraft of the law firm of Brannon Sowers & Cracraft PC, and pursuant to S.D. Ind. Local Rule 83-6(b), I, Gary J. Ruckelshaus, state:

1. I am admitted to practice and in good standing in the following United States courts and the highest courts of the following states:

    a. U.S. District Court - New Jersey

    b. U.S. District Court - Eastern District of New York

    c. U.S. District Court – Southern District of New York

    d. New Jersey

    e. New York

    f. District of Columbia (inactive)

2. I have never been disbarred or suspended from practice before any court, department, bureau, or commission of any state or the United States. I have never received a reprimand or been subject to other disciplinary action from any such court, department, bureau, or commission pertaining to conduct or fitness as a member of the bar.

3. I was admitted to the D.C. bar in 2007 when I was a partner with Reed Smith LLP. In 2008, I elected to switch from active status to inactive status. I still maintained inactive status through September 2014, when I moved my practice to Blank Rome LLP.

4. My D.C. bar dues were scheduled to be renewed in July 2015. It was my understanding that Blank Rome would not just pay my inactive membership dues, but would pay the full D.C. bar membership dues so that I would return to active status. I only recently learned that the firm only paid the inactive membership dues on my behalf, and that my status with the D.C. bar remained inactive, rather than active.

5. When I was reviewing the draft certification in support of my *pro hac vice* application to this Court, I attempted to verify my status on the D.C. bar's website. My account was active and I was able to log-in, but I could not determine the actual status of my membership. I mistakenly assumed that Blank Rome had paid the full membership dues to reinstate me to active status, but I now understand that I was mistaken. My membership in the D.C. bar is inactive at this time.

6. At the time I signed the certification in support motion to appear *pro hac vice*, I believed that I was an active member of the D.C. bar in good standing. I have now corrected the certification to indicate that my membership in the D.C. bar is inactive.

7.      I have reviewed the *Seventh Circuit Standards of Professional Conduct* and the Local Rules of the court, including the Rules of Disciplinary Enforcement, and I will abide by these rules and standards.

I certify that the above information is true and correct.

Dated: October 8, 2015

Respectfully submitted,

Gary J. Ruckelshaus
BLANK ROME LLP
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
Phone: (609) 750-2992
Email: gruckelshaus@blankrome.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 8, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

  Jan M. Carroll
  BARNES & THORNBURG LLP
  Jan.carroll@btlaw.com

  Adam L. Perlman
  WILLIAMS & CONNOLLY LLP
  aperlman@wc.com

              /s/ Steven G. Cracraft